UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAPPY'S BARBER SHOPS, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS GROUP, INC. et al.,<br><br>Defendants. | Case No.: 20-CV-907-CAB-BLM<br><br>**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Doc. No. 21] |

On September 11, 2020, the Court dismissed Plaintiffs' complaint seeking insurance coverage for business income losses they incurred as a result of the COVID-19 Civil Authority Orders issued by San Diego Mayor Kevin Falconer and Governor Gavin Newsom. In the order, the Court indicated that because the facts surrounding Plaintiffs' insurance claim are largely undisputed, any amendment to the complaint was likely to be futile, but it nevertheless allowed Plaintiffs to seek leave to amend. Plaintiffs' motion for leave to amend is now before the Court.

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment: (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to

dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011). Thus, Plaintiffs' motion for leave to amend should be denied if the proposed amended complaint does not remedy the deficiencies that caused the Court to dismiss the original complaint.

The allegations from the original complaint are detailed in the Court's dismissal order and will not be repeated here. The primary additions to the proposed amended complaint are speculative allegations that the COVID-19 virus, or individuals infected by the virus, likely had entered Plaintiffs' premises at the time of the COVID-19 Civil Authority Orders. Even assuming the truth of these allegations, the presence of the virus itself, or of individuals infected the virus, at Plaintiffs' business premises or elsewhere do not constitute direct physical losses of or damage to property. Moreover, even if they do constitute direct physical losses of or damage to property, they were not the cause of the business income losses for which Plaintiffs' seek coverage here.

The cause of Plaintiffs' business income losses was the COVID-19 Civil Authority Orders themselves, which, as the proposed amended complaint alleges, were "precautionary measures taken by the state to prevent the spread of COVID-19 in the future" [Proposed Am. Compl. at ¶ 51], and therefore not issued as a result of loss or damage to property at Plaintiffs' premises or elsewhere. In the absence of the COVID-19 Civil Authority Orders, Plaintiffs would not have closed their business and thus would not have suffered the business income losses for which they now seek coverage. Accordingly, for these and all of the reasons stated in the Court's order dismissing the original complaint, the proposed amended complaint fails to state a claim. No amount of artful pleading by Plaintiffs can state a plausible claim that they suffered any business income losses due to direct physical loss of or damage to property at their premises, or due to civil authority orders prohibiting access to Plaintiffs' premises due to direct physical loss or damage to property elsewhere, as required for coverage under the Policy.

The motion for leave to amend is therefore **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: October 1, 2020

Hon. Cathy Ann Bencivengo
United States District Judge